**Sanford and Cecilia LAKIN on behalf of their son, Noah Lakin, Plaintiffs–Appellants/Cross–Appellees,**

**v.**

**BIRMINGHAM PUBLIC SCHOOLS, Defendant–Appellee/Cross–Appellant.**

Nos. 02–1137, 02–1177.

United States Court of Appeals, Sixth Circuit.

July 9, 2003.

Before DAUGHTREY and GILMAN,

Circuit Judges, and DOWD,* District Judge.

PER CURIAM.

The plaintiffs, Sanford and Cecelia Lakin, filed this action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, seeking reimbursement for expenses they incurred when they sent their minor son, Noah, to the Grove School, a "therapeutic" residential school in Connecticut. The Lakins sued Birmingham (Michigan) Public Schools following an adverse decision by a state hearing officer that disallowed reimbursement and reversed the decision of a local hearing officer to the contrary. The district court reviewed the decisions on the record and entered an order that granted in part and denied in part the plaintiffs' claims for financial reimbursement for costs associated with the Grove School placement. We find no error and affirm.

In reaching the decision to award partial reimbursement, the district court relied on two detailed reports and recommendations submitted by the magistrate judge assigned to the case. In those reports, the magistrate judge found that the record supported the plaintiffs' claim that the school system had violated 20 U.S.C. § 1415(a) by failing to advise them in a timely manner of their procedural and substantive rights under the IDEA. And, despite the school system's contention that the Lakin child would have been placed at the Grove School in any event, the magistrate concluded that Sixth Circuit precedent provides that failure to comply with the Act's "child find" provisions may alone be sufficient reason to reimburse an aggrieved party for the costs of a private placement. *See Doe v. Nashville Pub. Sch.*, 133 F.3d 384, 387–88 (6th Cir.1998).

The magistrate judge further found that, at the time Noah was enrolled at the Grove School, the Lakins were uninformed that the public school system was required under federal law to devise an "individual educational plan" for Noah, one that would result in a "free appropriate public education." The judge held that this fact was sufficient to distinguish this case from *School Committee of Burlington v. Department of Education*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), in which the Supreme Court held that reimbursement was a permissible remedy under the IDEA when parents unilaterally place a child in a private school only "if the court ultimately determines that such placement, *rather than a proposed IEP*, is proper under the Act." *Id.*, at 369 (emphasis added). In this case, by contrast, there was no proposed IEP until May 15, 1998, some seven months after Noah was sent to Connecticut to school. The magistrate next determined that the IEP proposed on May 15, 1998, was, in fact, adequate to provide Noah with a "free appropriate public education" and recommended that the district court limit reimbursement to the seven months prior to that date, leaving the Lakins responsible for the remaining tuition and expenses from May 15, 1998, to January 21, 1999, when Noah returned home and entered high school under the proposed IEP.

The district court heard objections to the magistrate judge's reports but found her recommendations to rest on firm legal ground and adopted the reports as the basis for ordering a partial recovery for the Lakins, covering expenses for Noah from October 22, 1997, the date of his

* The Hon. David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

enrollment at the Grove School, until May 15, 1998, the date that the IEP later found to be adequate, was completed. In so doing the district court denied both the school district's motion for summary judgment, which rested on its contention that no reimbursement was due, and the Lakins' request for full reimbursement for their expenses—including several thousand dollars they themselves expended in traveling back and forth to Connecticut while Noah was enrolled at the Grove School.

Finally, the district court held that the IEP was, in fact, adequate to provide Noah with a "free appropriate public education." In reviewing that decision, our only concern has been with the school district's failure to include Noah's treating physician, Dr. Vaziri, at the IEP conference, given the fact that it was Dr. Vaziri who had repeatedly recommended that Noah be placed in a residential setting. Nevertheless, the educational experts who designed the IEP in this case had the benefit of Noah's school and hospital records, including medical reports from his physicians. We cannot say under these circumstances that the omission of Dr. Vaziri from the "IEP team" or from the IEP conference was fatal to the adequacy of the plan, especially in light of the educational experts who were involved, including a school psychologist, a school social worker, a guidance counselor, the chair of the special education department, the director of school support services, and an academic representative from the high school, among others. Dr. Varizi's medical opinion was certainly relevant in terms of Noah's psychiatric needs, but there is no showing in the record that he had any particular educational expertise, and it is the latter to which the courts are required to defer. *See Burilovich v. Board of Educ. of Lincoln Consol. Schs.,* 208 F.3d 560, 567 (6th Cir.2000).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting only partial relief to the plaintiffs. Because the reasons to support the district court's order have been fully articulated by that court and in the reports of the magistrate judge adopted by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above and those reflected in the district court's opinions dated September 28, 2000, and January 7, 2002.